UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHARMONE DURHART,**

        Case No. 13-14445

    **Plaintiff,**

        Hon. Denise Page Hood

v.

**SHORE MORTGAGE, et al.,**

    **Defendants.**
_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS
AND
ORDER DISMISSING ACTION**

**I.     BACKGROUND**

On October 23, 2013, this matter was removed by Defendants from the Wayne County Circuit Court to this District. Plaintiff Sharmone Durhart ("Durhart") filed the action against Defendants Shore Mortgage, Mortgage Electronic Registration Systems ("MERS") and Everbank alleging three counts: Quiet Title pursuant to MCL § 600.2932 (Count I); Violation of MCL § 600.3205a *et seq*. (Count II); and, Fraudulent Misrepresentation (Count IV (sic)).  On February 20, 2014, the Court entered a Stipulated Order dismissing Shore Mortgage. The remaining Defendants Everbank and MERS filed a Motion to Dismiss. A response and reply have been filed.

Durhart purchased the property at issue on October 31, 2003, executing a

Mortgage and Note in favor of Short Mortgage. (Comp., ¶ 10) In December 2012, foreclosure proceedings were initiated by Everbank. (Comp., ¶ 11) Durhart claims that despite repeated requests for modification, Defendants and specifically Everbank has refused and would not review documentation submitted by Durhart. (Comp., ¶ 26)

**II.     ANALYSIS**

    **A.     Standard of Review**

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at

570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

B.  **Foreclosure in violation of MCL § 600.3205 *et seq*. (Count II)**

Everbank and MERS argue that even if the modification statute at MCL § 600.3205 is violated, this does not justify setting aside a completed foreclosure sale. A borrower's sole relief for a violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure prior to the sale. Everbank and MERS assert that Durhart's Complaint fails to allege any factual basis for the relief requested and that the Complaint merely cite the statute.

Durhart responds that pursuant to *Mitan v. Fed. Home Loan Mortg. Corp.,* 703 F.3d 949 (6th Cir. 2012) the issue of whether the foreclosure was in violation of the loan modification statute is an issue of fact and that requirements under the statute are mandatory and strict compliance is required.

In a Rule 12(b)(6) motion, the Court is required to review the allegations in the Complaint to determine whether a plaintiff has stated a claim upon which relief may be granted. This Court's review of Durhart's factual allegations relating to Count II, whether the loan modification statute has been violated, shows that Durhart has failed to assert any facts relating to this claim. The only factual allegation in the Complaint relating to the loan modification is that, "[d]espite repeated requests for modification, Defendants and specifically Everbank has refused and would not review documentation submitted by Plaintiff to further such modification." (Comp., ¶ 26)

4

There are no facts as to when these requests were made and to whom these requests were made. Durhart's response and the Complaint merely recite the statute and case law, but do not set forth facts in order for the Court to apply the law. As to the *Mitan* case cited by Durhart, the Michigan Supreme Court overruled the holding in that case, *Kim v. JPMorgan Chase Bank, N.A.,* 493 Mich. 98, 115 (2012); *Mourad v. Homeward Residential, Inc.,* 517 Fed. Appx. 360 (6th Cir. Mar. 8, 2013)(recognizing that *Mitan* was abrogated by *Kim, supra*). Durhart has failed to allege any plausible facts to state a claim under MCL § 600.3205a.

### C.  Fraudulent Misrepresentation (Count III)

Everbank and MERS argue that Durhart's Complaint fails to allege with specificity as required under Rule 9(b) of the Rules of Civil Procedure and as required under Rule 12(b)(6) any facts to support the fraudulent misrepresentation claim. Durhart does not respond to this argument, which the Court then considers as waived.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). A review of the Complaint shows Durhart failed to allege the specific statements made by any of the defendants or their representatives, the time and place of such

statements, the fraudulent scheme involved and the fraudulent intent of Everbank and MERS. Durhart's fraud claim in Count III fails to meet the requirements under Rule 9(b) with sufficient specificity and such claim must be dismissed for failure to state a claim upon which relief may be granted.

### D.     Quiet Title (Count I)

Everbank and MERS argue that since Durhart failed to state a claim as to Counts II and III, there are no other basis for a quiet title claim. Durhart responds that but for the wrongful foreclosure, a claim for quiet title exists.

In Michigan, a quiet title action is governed by MCL § 600.2932(1). The statute codifies actions to quiet title and authorizes suits to determine competing parties' respective interests in land. *Goss v. ABN AMRO Mortg. Group,* 2013 WL 6698041 (6th Cir. Dec. 20, 2013)(citing *Republic Bank v. Modular One LLC,* 232 Mich. App. 444 (1998)). The plaintiff has the burden of proof and must make out a *prima facie* case of title. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet County Rd. Comm'n,* 236 Mich. App. 546 (1999). If a plaintiff wishes to set aside a foreclosure sale, the plaintiff must show that fraud, accident or mistake occurred, which must relate to the foreclosure proceeding itself. *Freeman v. Wozniak,* 241 Mich. App. 633, 639 (2000); *Goss,* 2013 WL 6698041 at *9. Because Durhart has failed to state a fraud claim relating to the foreclosure proceeding itself, Durhart

cannot prevail on the quiet title action.  Count I must be dismissed.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Defendants Everbank and MERS' Motion to Dismiss **(No. 13, 12/4/2013)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 30, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager